**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT J. TRUBY,

    Plaintiff - Appellant,

v.

DEBORAH DENHAM, Warden,
FCI Englewood; JUDD MOTCHAN,
Health and Safety Manager, FCI
Englewood; FRANKIE CORDOVA, Mid-
level Practitioner FCI Englewood,

    Defendants - Appellees.

No. 16-1486
(D.C. No. 1:16-CV-00877-CMA-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Robert J. Truby is an inmate at a federal prison in Colorado. Proceeding

pro se,[1] he sued various prison officials alleging they violated his Eighth Amendment

rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Truby's pro se pleadings, but he must follow the same rules of procedure as other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

403 U.S. 388, 397 (1971) (recognizing a civil cause of action for certain constitutional violations by federal agents). As relevant here, Mr. Truby claimed the prison had an inadequate ventilation system and accused Warden Denham and Mr. Motchan (the Health and Safety Manager) of contributing to the problem and trying to hide it. Ms. Denham and Mr. Motchan moved for summary judgment on the ground that Mr. Truby failed to exhaust administrative remedies. Upon the recommendation of a magistrate judge, the district court granted the motion and dismissed Mr. Truby's claims against them without prejudice.[2] We agree that Mr. Truby failed to exhaust available administrative remedies, so we affirm.

We review the district court's ruling de novo. *See Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). "No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Yousef v. Reno*, 254 F.3d 1214, 1219 (10th Cir. 2001) (applying the exhaustion requirement to a *Bivens* action). To meet the exhaustion requirement, an inmate must follow each step in the administrative remedy procedure. *Little*, 607 F.3d at 1249.

---

[2] The district court also dismissed Mr. Truby's claims against Frankie Cordova, but Mr. Truby does not challenge this ruling in his opening brief. Therefore, we do not consider this matter further. *See, e.g.*, *Fairchild v. Workman*, 579 F.3d 1134, 1146 (10th Cir. 2009) (noting that a party "ha[d] effectively abandoned [an] argument by failing to make it in its appellate brief"); *Coleman v. B-G Maintenance Mgmt. of Colo. Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived.").

Mr. Truby admits he failed to comply with the fourth step in the BOP's administrative remedy program.[3] Nevertheless, he asks us to excuse the exhaustion requirement because he claims the BOP's administrative appeal process is futile. But futility is no excuse. Indeed, a prisoner must exhaust the available administrative remedies even when they "appear to be futile." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). And although Mr. Truby complains the appeal process is ineffectual, he does not claim prison officials somehow prevented him from pursuing an administrative remedy. *Cf. Little*, 607 F.3d at 1250 ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable.'"). We therefore agree that Mr. Truby failed to exhaust the available administrative remedies and affirm the district court's order granting summary judgment.

Because Mr. Truby failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we deny his motion to proceed without prepayment of costs and fees. Mr. Truby is directed to pay the filing

---

[3] The BOP has a four-step administrative remedy program. *See* 28 C.F.R. §§ 542.10-542.19. At the final step, an inmate must appeal an adverse decision to the General Counsel, who has 40 days to respond or grant an extension. *See id.* §§ 542.15(a), 542.18. Mr. Truby filed his complaint in federal court before the response period expired.

3

fee to the Clerk of the United States District Court for the District of Colorado.

Entered for the Court


Jerome A. Holmes
Circuit Judge